UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN WATSON,

                              Plaintiff,

                    -against-

STATE OF NEW YORK; TIMOTHY C.
IDONI; MAGNOLIA BANK, INC.,

                              Defendants.

22-CV-9613 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

        Plaintiff Warren Watson, proceeding pro se, has filed suit against the State of New York

("New York"), Timothy C. Idoni, and Magnolia Bank, Inc., raising allegations of "depravation

[sic] of civil rights, violation of due process, conspiracy to commit real estate deed fraud,

forgery, wrongful foreclosure, breach of contract," and "obstruction of the administration of

justice." (Compl. 1 (Dkt. No. 1).)

I.  Standard of Review

        The Court has the authority to dismiss a complaint, even though a plaintiff has paid the

filing fees, if it determines that an action is frivolous.  *See Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16–17

(2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)).  Moreover, the Court "has the power to dismiss a complaint sua sponte for

failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d Cir. 1980), so

long as the plaintiff is given notice and "an opportunity to be heard," *Thomas v. Scully,* 943 F.2d

259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988).

The Court is obliged, however, to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d

66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although pro se litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in a party's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted).  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the party is entitled to relief.  *Id.*

## I.  Discussion

### A.  Sovereign Immunity

Plaintiff's claims against New York must be dismissed.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment

immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against New York are therefore barred by the Eleventh Amendment and are dismissed.

### B. Service

The Clerk of Court is directed to issue summonses as to Defendants Timothy C. Idoni and Magnolia Bank, Inc. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

### III. CONCLUSION

Plaintiff's claims against New York are dismissed as barred the Eleventh Amendment. The Clerk of Court is directed to issue summonses as to Defendants Timothy C. Idoni and Magnolia Bank, Inc. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses.

The Clerk of Court is directed to send an information package to Plaintiff.

SO ORDERED.

Dated:   November 17, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE