UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WARREN WATSON,

                              Plaintiff,

     v.

STATE OF NEW YORK, *et al.*,

                            Defendants.

No. 22-CV-9613 (KMK)

OPINION & ORDER

---

Appearances:

Warren Watson
Mt. Vernon, NY
*Pro Se Plaintiff*

Christopher J. Inzero, Esq.
Westchester County Dep't of Law
White Plains, NY
*Counsel for Defendant Timothy C. Idoni*

KENNETH M. KARAS, United States District Judge:

    Warren Watson ("Plaintiff"), proceeding pro se, brings this Action against Westchester County Clerk Timothy Idoni ("Idoni") and Magnolia Bank, Inc. (the "Bank"). (*See generally* Compl. (Dkt. No. 1).)[1]  Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 and New York state law. (*See id.*)

    Before the Court is Idoni's Motion To Dismiss the Complaint, (Not. of Mot. (Dkt. No. 14)), and Plaintiff's Motion To Strike, (Mot. To Strike (Dkt. No. 19).)  For the reasons stated below, the Court grants Idoni's Motion and denies Plaintiff's Motion.

---

[1] Plaintiff also initially brought suit against the State of New York (the "State"), (Compl. at 1), but the Court *sua sponte* dismissed the State from this Action in a prior Order. (*See* Order (Dkt. No. 3).)

I. Background

A. Materials Considered

Both Parties have submitted declarations and accompanying exhibits in support of their filings to the Court. (*See* Compl. 14–31; Decl. of Christopher J. Inzero, Esq. ("Inzero Decl.") (Dkt. No. 15).)

"When considering a motion to dismiss, the Court's review is confined to the pleadings themselves," because "[t]o go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to [Rule] 56." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (internal quotation marks omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.'" (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

"Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed." *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157, 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017) (emphasis omitted) (collecting cases); *see also Dunkelberger v. Dunkelberger*, No. 14-

CV-3877, 2015 WL 5730605, at *5 (S.D.N.Y. Sept. 30, 2015) ("To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents, and to be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." (brackets omitted) (quoting *Bill Diodato Photography LLC v. Avon Prods., Inc.*, No. 12-CV-847, 2012 WL 4335164, at *3 (S.D.N.Y. Sept. 21, 2012))).

Additionally, when reviewing a complaint submitted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a defendant's] request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2010 WL 5186839, at *2 (E.D.N.Y. Sept. 19, 2013), "documents either in [the plaintiff's] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted), and "[plaintiff's] opposition memorandum," *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997).

Because Plaintiff is proceeding pro se, the Court will consider the documents attached to his Complaint. (Compl. 14–31.) *See also Barkai v. Mendez*, 629 F. Supp. 3d 166, 175 (S.D.N.Y. 2022) (considering exhibits attached to pro se complaint when deciding Motion To Dismiss).

Idoni has submitted three documents in support of his Motion: (1) a copy of a bargain and sale deed conveying property from another owner to Plaintiff; (2) a copy of the mortgage between the Bank and Plaintiff; and (3) recording and endorsement pages from the Westchester County Clerk's office for the deed and mortgage previously referenced.  (*See* Inzero Decl. Exs. A–C.)  The Court will consider these documents because Plaintiff referred to the deed and the mortgage and their recordation in his Complaint and also attached a copy of the deed.  (*Id.* at 3–6; 14–15.)  Thus, all of these documents are properly deemed as incorporated by reference in Plaintiff's Complaint.  *See Cardoso v. Wells Fargo Bank, N.A.*, No. 21-CV-8189, 2022 WL 4368109, at *1 (S.D.N.Y. Sept. 20, 2022) (finding mortgage documents integral to complaint alleging misconduct in loan modification process); *Almazon v. JPMorgan Chase Bank, N.A.*, No. 19-CV-4871, 2020 WL 1151313, at *2 n.3 (S.D.N.Y. Mar. 9, 2020) ("The [c]ourt may consider [p]laintiff's publicly recorded mortgage documents in connection with [the] [d]efendant's motion, because [the] [p]laintiff explicitly references them in her [c]omplaint, they are integral to her claims, and she raises no objections to their relevance or authenticity.").

B.  Factual Background

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff lives at 71 Vernon Place in Mt. Vernon, New York (the "Property").  (Pl's Opp'n 6.)  Idoni is the Clerk of Westchester County, New York.  (*Id.* at 5.)

On April 29, 2022, Plaintiff purchased the Property.  (*Id.* at 5.)  Idoni assigned control number 621103488 as the identification number for the deed recording Plaintiff's purchase of the

4

Property. (*Id.* at 5; *see also* Inzero Decl. Ex. C at 2.)[2] Plaintiff alleges that, after the sale, he "never accepted or received a delivered property 'original' deed" from Idoni or "state employees." (Pl's Opp'n at 6; Compl. 4.) Plaintiff also alleges that his "acceptance was never conveyed due to the 'original deed' not being delivered." (*Id.*) Plaintiff has alleged "state law requires the . . . deed to be delivered to the new owner, however [Idoni] and state employees violated the . . . law when they did their 'constructive delivery' and registered the [P]laintiff's property in their office." (Not. of Rebuttal 1 (Dkt. No. 12).)

Plaintiff additionally alleges:

> [Idoni] and state employees registered the [P]laintiff's property in their office without disclosing there is no law that mandates the [P]laintiff must register [his] property in their office . . . . [and] the [P]laintiff was not informed that registering his property would allow the defendant to file the first illegal mortgage lien against his property and extort property taxes.

(*Id.*)

On the same day he purchased the Property, Plaintiff entered into a mortgage with the Bank for his purchase of the Property (the "Mortgage"). (Pl's Opp'n 5.)[3] Plaintiff alleges that the Bank "misrepresented the elements of the . . . agreement" to him and also "changed the cost and the risk of the . . . loan." (Compl. 3–4.) Plaintiff alleges that "there is no bona fide signature

---

[2] Plaintiff has attached to his Complaint a copy of the deed for the Property, along with a completed power of attorney form for the seller of the Property, a Mt. Vernon Real Property Transfer Tax Return for the Property signed by Plaintiff and the seller, and a New York State Real Estate Transfer Tax Return signed by Plaintiff and the seller. (Compl. 14–31.) Plaintiff does not appear to allege that any of these documents is fraudulent. (*See generally* Compl.; Not. of Rebuttal; Pl's Opp'n.)

[3] Idoni has provided a copy of the Mortgage, which appears to have Plaintiff's signature on it. (*Compare* Inzero Decl. Ex. B at 14, *with* Compl. 12, 25, 29.)

on" the Mortgage and that the Mortgage "is a forgery." (*Id.* at 3.)[4] Idoni assigned control number 621453790 as the identification number for the Mortgage. (Pl's Opp'n 5; *see also* Inzero Decl. Ex. C at 3.)

Plaintiff alleges that on or about April 29, 2022, "[c]ancellation of deed to secure debt that identifie[d] Plaintiff . . . as Original Grantor to [the Bank] as Original Grantee on the Westchester County [C]lerk ledger [was] a recorded secure debt identif[ying] that alleged debt is paid in full by Plaintiff." (Pl's Opp'n 5.)

Plaintiff alleges that "the banks and servicer reported the alleged debt on [Plaintiff's] credit report when . . . the amount is in dispute." (Compl. 5.)

Plaintiff has alleged causes of action for "violation of 42 U.S.C. § 1983[,]" "violations of due process[,]" "conspiracy to commit real estate deed fraud[,]" "forgery[,]" "real estate deed fraud[,]" "breach of contract[,]" "wrongful foreclosure[,]" "obstruction of the administration of justice[,]" negligent and intentional infliction of emotional distress, negligence, and slander of title and credit. (Compl. 1, 7–9.)[5]

Construed liberally, Plaintiff's pleadings request recission of the Mortgage, (Compl. 5), compensatory and punitive monetary damages, (Compl, 1, 11–12), and relief "in the form of [the] deed removed off public county records[,]" (Pl's Opp'n 1).

---

[4] Plaintiff also alleges that "the electronic credits called the mortgage loan were generated by the plaintiff's signature on the promissory note" and "[t]he fact [the Bank] accepted [Plaintiff's] signature on the mortgage loan prove[s] [that] [P]laintiff owned the property already." (Compl. 4–5.)

[5] Plaintiff has alleged violations of federal criminal statutes, including 18 U.S.C. § 241 (Pl's Opp'n 1), and 18 U.S.C. § 2071, (Not. of Rebuttal 3). Plaintiff also alleges a violation of "18 U.S.C. . . . Sec. 2414," but Title 18 of the United States Code does not appear to include such a section. (Not. of Rebuttal 1.)

### C. Procedural History

Plaintiff filed the Complaint on November 10, 2022. (Compl.) On November 17, 2022, the Court dismissed the State of New York on the basis of sovereign immunity and directed the Clerk of Court to issue summonses as to the remaining Defendants. (Order (Dkt. No. 3).)

On November 28, 2022, Plaintiff filed summons returns for Idoni and the Bank, which stated that Idoni and the Bank had been served by UPS Shipping Service. (Summons Return ("Bank Summons Return") (Dkt. No. 7); Summons Return (Dkt. No. 9).) On December 2, 2022, Idoni submitted a letter to the Court requesting to file a Motion To Dismiss. (Letter from Christopher J. Inzero, Esq. to Court (December 2, 2022) (Dkt. No. 11).) Plaintiff filed a "Notice of Rebuttal" on December 8, 2022. (Not. of Rebuttal.) On December 9, 2022, the Court granted Idoni's request to file a Motion To Dismiss and set a briefing schedule. (Order (Dkt. No. 13).)

Idoni filed his Motion To Dismiss and accompanying papers on January 9, 2023. (Not. of Mot.; Idoni's Mem. of Law in Supp. of Mot. To Dismiss ("Idoni's Mem.") (Dkt. No. 16); Inzero Decl.; Not. to Pro Se Litigants (Dkt. No. 17).) On January 10, 2023, Plaintiff filed his Opposition. (Pl's Opp'n (Dkt. 18).) The same day, Plaintiff also filed a Motion To Strike. (Pl's Mot. To Strike (Dkt. No. 19).) On February 24, 2023, Idoni filed his Reply. (Idoni's Reply (Dkt. No. 20).) The same day, Idoni also filed his Opposition to Plaintiff's Motion to Strike. (*See* Idoni's Mem. of Law in Opp'n to Pl's Mot. To Strike ("Idoni's Opp'n") (Dkt. No. 21).) On March 14, 2023, Plaintiff submitted a letter requesting a pre-motion conference requesting to file a Motion for Summary Judgment, (Letter from Warren Watson to Court (March 14, 2023) (Dkt. No. 22)), which the Court denied without prejudice due to Idoni's pending Motion To Dismiss. (*See* Order (Dkt. No. 23).)

## II. Discussion

### A. Standard of Review

#### 1. Federal Rule of Civil Procedure 12(b)(5)

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Valid service is a prerequisite for a federal court to assert personal jurisdiction over a claim. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (alteration and quotation marks omitted); *see also Tomney v. Int'l Ctr. for the Disabled*, No. 02-CV-2461, 2003 WL 1990532, at *3 (S.D.N.Y. Apr. 29, 2003) ("Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." (internal quotation marks omitted)). In determining the sufficiency of service, the Court "must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect service." *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (internal quotation marks omitted); *see also PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009) ("A court may, on a Rule 12(b)(5) motion to dismiss, consider affidavits and documents submitted by the parties without converting the motion into one for summary judgment under Rule 56." (alteration and internal quotation marks omitted)).

#### 2. Federal Rule of Civil Procedure 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

8

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw all reasonable inferences in the plaintiff's favor," *Division 1181*, 9 F.4th at 94

9

(citation omitted). Additionally, "when ruling on [a] Rule 12(b)(6) motion[] to dismiss," district courts are directed to confine their consideration to "the complaint in its entirety, . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Bellin*, 6 F.4th at 473 (quotation marks omitted); *see also Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 240 (S.D.N.Y. 2021) (same). However, when a plaintiff proceeds pro se, the Court "may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), and, moreover, must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]," *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). That said, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

    B.  Analysis

Idoni argues that the Complaint must be dismissed as to him pursuant to Federal Rule of Civil Procedure 12(b)(5) because the Court lacks jurisdiction over him as Plaintiff has failed to serve him using a method allowed under Federal Rule of Civil Procedure 4. (Idoni's Mem. at 7–8.) Idoni also argues that the Complaint must be dismissed as to him pursuant to Federal Rule Civil Procedure 12(b)(6) because Plaintiff's allegations are so vague and conclusory that he fails to state any claim against Idoni. (Idoni's Mem. at 8–9.)

In addition, Plaintiff has moved to strike Idoni's counsel's notice of appearance in this action. (*See generally* Pl's Mot. To Strike.)

### 1. Insufficient Service of Process

Under Federal Rule of Civil Procedure 4(e), Plaintiff could serve Idoni pursuant to state law, or by delivering a copy of the summons and of the Complaint to Idoni personally, leaving a copy of each at Idoni's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or law to receive service of process. *See* Fed. R. Civ. P. 4(e)(1)–(2). Idoni argues, and Plaintiff does not contest, that service was not properly effected pursuant to Rule 4(e)(2). (Idoni's Mem. at 7–8.) The summons and Complaint were not delivered to Idoni, nor were they delivered to Idoni's dwelling or usual place of abode. Finally, service was not effected by delivering a copy of the summons and Complaint to an agent authorized by appointment or law to receive service of process. Instead, Plaintiff appears to have attempted to serve Idoni by UPS Shipping Service, which is not allowed under the Federal Rules. *Cf. Moss v. Ciferri*, No. 21-CV-3572, 2023 WL 2771637, at *5 (E.D.N.Y. Mar. 31, 2023) (finding service insufficient where plaintiff attempted to serve a defendant "via first class mail" to a defendant's residence); *Lee v. Citibank*, No. 12-CV-566-A, 2012 WL 5305206, at *3 (W.D.N.Y. Oct. 25, 2012) (explaining that "Rule 4 [does not] provide for service of . . . an individual . . . by registered mail only").

Thus, the question is whether Idoni was properly served under state law, as is permissible under Federal Rule of Civil Procedure 4(e)(1). Section 308 of the New York C.P.L.R. ("CPLR") governs personal service upon natural persons, and provides that service may be effected:

> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be

> served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, . . . or
>
> 3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . . ;
>
> 4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . .;

N.Y. C.P.L.R. § 308. Again, Plaintiff did not effect service by personal delivery on Idoni or by delivery at Idoni's dwelling place or usual place of abode. Nor was service effected by delivery of the summons to a person of suitable age and discretion at Idoni's actual place of business and by mailing the summons to him at his last known residence or actual place of business. Finally, Plaintiff has provided no evidence that service on Idoni could not be made with "due diligence," so the final method is inapplicable.

Alternatively, New York law permits service by mail. Section 312–a of the CPLR provides in relevant part:

> As an alternative to the methods of personal service . . ., a summons and complaint . . . may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section with a return envelope, postage prepaid, addressed to the sender.

*Id.* § 312–a(a). Under this alternative mailing method, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." *Id.* § 312-a(b).

However, Plaintiff also failed to comply with this method of service for several reasons. Plaintiff used UPS instead of first-class mail. Plaintiff has also provided no evidence that he included two copies of a statement of service by mail, acknowledgment of receipt, or return envelope. Thus, Plaintiff has also failed to properly serve Idoni under New York law and accordingly the Complaint must be dismissed for insufficient service of process. *See Klein v. Beltempo*, No. 15-CV-9093, 2020 WL 2765790, at *4 (S.D.N.Y. May 27, 2020) (dismissing complaint where plaintiff "failed to demonstrate service was made in compliance with New York law"), *aff'd sub nom. Klein v. Zugabie*, No. 20-1975, 2021 WL 5313708 (2d Cir. Nov. 16, 2021); *Vidurek v. Koskinen*, No. 17-CV-9064, 2018 WL 3597644, at *9 (S.D.N.Y. July 25, 2018) (dismissing plaintiff's claim on a Rule 12(b)(5) motion because service was not in "accordance with [New York] law"), *aff'd*, 789 F. App'x 889 (2d Cir. 2019).[6]

---

[6] Because Plaintiff is proceeding pro se, the Court has reviewed *sua sponte* Plaintiff's attempts to serve the Bank and finds that it is similarly deficient. (Bank Summons Return.)

A plaintiff may serve a summons and complaint upon a corporate defendant in one of two ways authorized by the Federal Rules of Civil Procedure: (1) under Federal Rule of Civil Procedure 4(h)(1)(B), "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant"; or (2) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Federal Rule of Civil Procedure 4(e)(1). The law in New York, the state in which this Court is located, provides that "personal service upon a corporation . . . shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). As an alternative to this method, Plaintiff could have served the Bank "by first class mail" pursuant to CPLR § 312-a, "but only if [the summons and complaint are] accompanied by two copies of a statement of service by mail and acknowledgment of receipt (in a specified form), with a return envelope, postage prepaid, addressed to the sender." *Gold Medal Produce Inc. v. Ricosu Tropical Prods., Inc.*, No. 09-CV-9858, 2010 WL 2267728, at *1 (S.D.N.Y. May 28, 2010).

### 2. Failure To State a Claim

Idoni additionally argues that Plaintiff's claims against him are so vague and conclusory that they fail to meet the pleading requirement under Federal Rule of Civil Procedure 8. (Compl. 8–9.)  The Court agrees.

Even taking all facts as true and drawing all inferences in his favor, Plaintiff has failed to state a cognizable claim against Idoni.  Plaintiff's factual allegations against Idoni include the following: (1) Idoni is the County Clerk; (2) Idoni did not disclose "there is no law that mandates the [P]laintiff must register [his] property in [his] office"; and (3) Idoni did not comply with "state law [that] requires the . . . deed to be delivered to the new owner" when he "did [a] 'constructive delivery' and registered the [P]laintiff's property in [his] office."  (Pl's Opp'n 5; Not. of Rebuttal 1.)  The Court finds that the allegations, when taken as true and stripped of unsupported legal conclusions, are insufficient to state a claim.  In effect, Plaintiff has alleged that Idoni registered the Mortgage and deed for his Property and did not provide a copy of the "original" deed to him.[7]  None of these actions suggest a basis for *any* of Plaintiff's alleged causes of action.

Although Plaintiff's allegations must be construed broadly and liberally in light of his pro se status, the Court "cannot invent factual allegations that [a pro se plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  Therefore, even if these allegations are

---

The summons return that Plaintiff filed indicates that he also attempted to serve the Bank by UPS, which is plainly insufficient under the Federal Rules of Civil Procedure and New York state law.  (*See* Bank Summons Return at 1, 3.)

[7] It is unclear to the Court how the failure to provide the "original" deed could have harmed Plaintiff when Plaintiff's own allegations indicate he is residing at the Property, (Pl's Opp'n 6), and that he is in possession of the deed, as evidenced by his attaching the deed to his Complaint, (Compl. 14–15).

viewed in the light most favorable to Plaintiff, these claims do not establish "more than a sheer possibility that [Idoni] has acted unlawfully." *Iqbal*, 556 U.S. at 678; s*ee also Soh v. Santmyer*, No. 22-CV-3354, 2022 WL 17585705, at *3 (E.D.N.Y. Dec. 12, 2022) (dismissing complaint as to a defendant where the "factual allegations as to [the defendant] [were] insufficient to state a claim as to any of [plaintiff's] causes of action").[8]

### 3. Plaintiff's Motion To Strike

Construing his submission liberally, Plaintiff has argued that the Court should strike the notice of appearance of Idoni's counsel because a corporation or other entity may not represent itself. (Pl's Mot. To Strike 1–4.) Idoni argues in response that Westchester County's Charter (the "Charter") authorizes the County Attorney to represent the County before this Court. (Idoni's Opp'n 5–6.) The Court agrees with Idoni.

The Charter establishes a "Department of Law, the head of which shall be the County Attorney[.]" *Westchester Cnty. Charter* ("WCC") § 158.01, https://library.municode.com/ny/westchester_county/codes/code_of_ordinances (last visited September 21, 2023). The Charter additionally provides that "[t]he County Attorney shall be legal advisor to the County Board and to each and every board, body, commission or officer of

---

[8] Idoni alternatively argues that even if Plaintiff has adequately pled a claim against him for recording the deed for the Property or the Mortgage, that claim must be dismissed because Idoni was legally obligated to record the deed and Mortgage. (Idoni's Mem. at 9–10.)
 The Court agrees that New York Real Property Law ("RPL") § 291 required Idoni, as Westchester County Clerk, to record any conveyance that complies with statutory requirements upon the payment of the required fees. *See id.* ("A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk or city registrar where applicable *shall*, upon the request of any party, on tender of the lawful fees therefor, *record the same in said office*." (emphasis added)). However, the Court has been unable to locate any authority to the effect that RPL § 291 may serve as an affirmative defense in adjudicating a motion to dismiss and thus declines to rule on this basis.

15

the County of Westchester and to each and every employee of the County of Westchester . . . [and shall have the] duty to furnish to such county board, body, commission, officer, or employee all such advice and legal assistance *as counsel and attorney in and out of court* as may be required by them[.]" *Id.* § 158.11(2) (emphasis added). The Charter also creates the position of County Clerk as an officer of the County. *Id.* § 265.01. Thus, the Court concludes that the County Attorney, and any subordinates, are authorized to represent Idoni in his official capacity as a county officer before this Court. *See, e.g., May v. Levy*, No. 21-CV-3586, 2022 WL 3220359, at *1 (E.D.N.Y. July 29, 2022) (noting that "[t]he Office of the County Attorney for the County of Nassau represents the [Nassau County employees in the action] but is not itself a party, and would not be a proper party in this action."); *Campbell v. County of Westchester*, No. 06-CV-1397, 2007 WL 1459254, at *2 (S.D.N.Y. May 16, 2007) (explaining that the County Attorney had appeared in the action to represent Westchester County employees in their official capacities).

### 4. Sanctions for Frivolous Claims

The Court notes that several of Plaintiff's filings suggest that Plaintiff brings this suit not to address wrongful conduct by the Bank or Idoni, but rather to attempt to avoid paying the Mortgage and his property taxes. For example, Plaintiff has included a lengthy legal argument protesting the existence and collection of property taxes, (Not. of Rebuttal 2–5), and also complained that the recording of his deed has allowed the authorities to "extort property taxes[,]" (*id*. at 1). Additionally, Plaintiff has stated that through this Action he seeks to have his Mortgage rescinded and also have his "deed removed off public court records[.]" (Compl. 5; Pl's Opp'n 1.)

The Court further notes that Plaintiff is so intent on these objectives that his allegations sometimes contradict themselves. For example, Plaintiff claims the Mortgage that he signed on

16

April 29, 2022 was "a forgery." (Compl. 3–4.) Yet, Plaintiff also alleges that there was a document recorded in the Westchester County Clerk's Office that entirely discharged the Mortgage *the same day* the Mortgage was signed. (Pl's Opp'n 5.) If the Mortgage is fraudulent and Plaintiff never actually signed it as he alleges, it is, at best, unclear to the Court why *Plaintiff* would also agree to discharge the fraudulent Mortgage *on the same day the Mortgage was signed*, since he would not have been aware of the Mortgage based on his own recitation of the facts.

Plaintiff's allegations against Idoni are also transparently designed to question the validity of the deed in an apparent effort to secure its removal from the tax rolls, but Plaintiff should proceed with care in pursuing this claim. If the deed is, in fact, invalid or otherwise legally infirm because Plaintiff was never provided with it, then Plaintiff would not hold title to the residence at which he currently resides, which is obviously against his interest.

At the same time, the Court recognizes that Plaintiff is proceeding pro se and may well have one or more meritorious claims concerning the Mortgage. The Court stands ready to adjudicate those claims, but Plaintiff is now on notice that if his claims are as frivolous as his submissions to the Court thus far suggest, Defendants may well request sanctions, including the payment of Defendants' attorneys' fees, against Plaintiff if his Amended Complaint continues to pursue any patently frivolous claims. *See Hyatt v. Metro. Transp. Auth.*, No. 08-CV-654, 2008 WL 11409955, at *3 (E.D.N.Y. Sept. 19, 2008) (finding that complaint challenging collection of income taxes was frivolous and considering availability of sanctions), *aff'd sub nom. Hyatt v. Metro. Transp. Auth.*, 370 F. App'x 153 (2d Cir. 2010).

In amending his Complaint, Plaintiff should provide the Court with a fulsome description of how the Bank "misrepresented the elements of the . . . agreement" to him and "changed the

cost and the risk of the . . . loan" so that the Court can properly evaluate the merits of Plaintiff's claims. (Compl. 3–4.) Plaintiff should also provide the Court with a detailed account of the facts underlying his currently conclusory claim, apparently against entities that are not Parties to this Action, that "the banks and servicer reported the alleged debt on [Plaintiff's] credit report when . . . the amount is in dispute." (*Id.* at 5.)

### III. Conclusion

For the reasons stated above, Idoni's Motion To Dismiss is granted and Plaintiff's Motion To Strike is denied. However, in light of Plaintiff's pro se status, and because this is the first adjudication of his claims on the merits, Plaintiff's claims are dismissed without prejudice. If Plaintiff wishes to file an amended complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Order. The amended complaint will replace, not supplement, the original complaint. The failure to timely file an amended complaint may result in the dismissal of this Action with prejudice.

The Court notes that for this Action to proceed Plaintiff must also properly serve Idoni and the Bank in compliance with one of the methods allowed under the Federal Rules of Civil Procedure and explained in detail at § II.B.1 *supra*. Failure to properly serve Defendants will result in dismissal, and Plaintiff is now on notice that such dismissal may be with prejudice. If Plaintiff has questions as to how to properly serve Defendants, he should contact the Pro Se Intake Unit at (212) 805-0175.[9]

---

[9] Plaintiff may also consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court.
To receive limited-scope assistance from the clinic, Plaintiff may complete the clinic's intake form on his computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If Plaintiff has questions regarding the form or is unable to complete it, he may leave a voicemail at (212) 659-

The Clerk of Court is respectfully directed to terminate the pending Motions (Dkt. Nos. 14, 19) and mail a copy of this Opinion to Plaintiff

SO ORDERED.

Dated: September 22, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

5190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.