UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN WATSON,

                Plaintiff,

    v.

TIMOTHY C. IDONI, *et al.*,

                Defendants.

No. 22-CV-9613 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    On September 22, 2023, the Court issued an Opinion & Order granting Defendant Timothy Idoni's Motion To Dismiss the Complaint. (*See* Op. & Order ("MTD Op.") (Dkt. No. 24).) In that Opinion & Order, the Court granted Plaintiff leave to file an amended complaint "alleging additional facts and otherwise addressing the deficiencies identified [therein]" within 30 days. (*Id.* at 18.) The Court warned Plaintiff that "[t]he failure to timely file an amended complaint may result in the dismissal of this Action with prejudice." (*Id.*) Although Plaintiff has consented to receive electronic service via the ECF system, (*see* Dkt. No. 5.), as of the date of this Order, Plaintiff has neither filed an amended complaint, nor otherwise communicated with the Court, (*see generally* Dkt.)

    On October 30, 2023, the Court issued an Order directing Plaintiff to "show cause, by no later than November 29, 2023, as to why this case should not be dismissed for failure to prosecute." (*See* Order to Show Cause 1 (Dkt. No. 25).) The Court made clear that it "may dismiss this case without further notice in the event that good cause is not shown." (*Id.*) Nevertheless, Plaintiff failed to respond to that Order. (*See generally* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *accord Bradley v. Markel Serv., Inc.*, No. 22-CV-8928, 2023 WL 7624771, at *1 (S.D.N.Y. Nov. 14, 2023).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)); *accord George v. County of Westchester*, No. 20-CV-1723, 2023 WL 6466001, at *1 (S.D.N.Y. Oct. 3, 2023). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (italics omitted) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *George*, 2023 WL 6466001, at *1 (quoting *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

2

> be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam); *McCray v. Lee*, No. 16-CV-1730, 2023 WL 7112707, at *1–2 (S.D.N.Y. Oct. 27, 2023). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *see also Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994) (same).

The Court concludes that these factors weigh in favor of dismissal of this Action. As an initial matter, Plaintiff has not communicated with the Court since March 10, 2023—more than eight months ago. (*See* Letter from Warren Watson to Court (Dkt. No. 22).) Additionally, although Plaintiff was granted 30 days to amend his Complaint over two months ago, (*see* MTD Op. 18), he has failed either to do so or to otherwise contact the Court, (*see generally* Dkt.) The Court warned Plaintiff that failing to amend his Complaint could result in dismissal of the case. (MTD Op. 18.) Further, Plaintiff has also failed to respond to the Court's October 30, 2023 Order directing that he show cause as to why this case should not be dismissed for failure to prosecute, (*see generally* Dkt.), which also warned that the Court could dismiss the case "without further notice" in the absence of a response from Plaintiff, (Order to Show Cause 1).

Finally, the Court finds that no sanction less than dismissal will alleviate the ongoing prejudice to Defendants of continuing to keep this Action open. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."); *see also Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor,

3

considering the efficacy of lesser sanctions."). In addition, the Court emphasizes that it needs to avoid calendar congestion and, more importantly, to ensure an orderly and expeditious disposition of all cases before it. Thus, although "[t]he Court affords [Plaintiff] special consideration as a pro se litigant[,] . . . a plaintiff's pro se status should not explain or excuse disregard for or abandonment of his own lawsuit." *Hardimon*, 2014 WL 2039116, at *2 (italics omitted).

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case" (italics omitted)); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order to show cause requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiff for nearly two months); *Lopez v. Cath. Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where the plaintiff "ceased to prosecute [the] action *at all*" for three months (emphasis in original)).

4

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's address, and to close this case.

SO ORDERED.

Dated: December 4, 2023
White Plains, New York

KENNETH M. KARAS
United States District Judge